UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>SELENE BALLONOFF,<br><br>Plaintiff,<br><br>v.<br><br>PROFESSIONAL POST ACUTE CENTER<br>(PPAC), et al.,<br><br>Defendants.</td><td>Case No. 24-cv-04242-KAW<br><br><br>**ORDER REASSIGNING CASE TO<br>DISTRICT JUDGE; REPORT AND<br>RECOMMENDATION TO DISMISS<br>CASE**<br><br>Re: Dkt. No. 24</td></tr>
</table>

On July 15, 2024, Plaintiff Selene Ballonoff filed this case against various Defendants, asserting claims based on the conservatorship of her mother. (Compl., Dkt. No. 1.) Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP application"), which was not complete. (Dkt. No. 2.) For example, Plaintiff failed to answer questions regarding the date of her last employment and salary, other money sources and amount of self-employed income, present bank account balance and assets, monthly expenses, other debts, and whether Plaintiff sought to raise claims presented in other lawsuits. The Court ordered Plaintiff to either provide a complete IFP application or pay the filing fee by August 30, 2024. (Dkt. No. 6.)

No complete IFP application was filed. Instead, on September 4, 2024, Plaintiff filed a "Response to Order on IFP," in which Plaintiff requested a "six month stay in this case and the IFP review." (Dkt. No. 8.) On September 5, 2024, the Court denied Plaintiff's request to stay, but extended Plaintiff's deadline to file a complete IFP application to October 7, 2024. (Dkt. No. 9 at 1.) The Court warned Plaintiff that "failure to file the complete IFP application may result in the Court denying Plaintiff's IFP application and ordering Plaintiff to pay the filing fee." (*Id.* at 1-2.)

Plaintiff again failed to file a complete IFP application or pay the filing fee. On November 19, 2024, the Court issued an order to show cause, requiring that Plaintiff show cause why her IFP

United States District Court
Northern District of California

application should not be denied by filing a complete IFP application and explaining why she failed to comply with the Court's orders. (Dkt. No. 12 at 1.) Plaintiff's response was due by December 13, 2024. The Court warned that "[f]ailure to comply will result in the Court denying Plaintiff's IFP application and ordering Plaintiff to pay the filing fee."

Plaintiff did not respond to the order to show cause. On January 10, 2025, the Court ordered Plaintiff to pay the filing fee by February 14, 2025. (Dkt. No. 13 at 2.) The Court warned that "[f]ailure to make the scheduled payment will result in the dismissal of this action without prejudice." (*Id.*)

On February 14, 2025, Plaintiff filed a request for an additional six months to pay the filing fee and retain counsel. (Dkt. No. 15 at 2.) On February 20, 2025, the Court granted Plaintiff's request for the six-month extension, and ordered Plaintiff to pay the filing fee by August 14, 2025. (Dkt. No. 16.)

Plaintiff did not pay the filing fee. On September 15, 2025, the Court issued a second order to show cause, requiring that Plaintiff show cause why her case should not be reassigned to a district judge with the recommendation that the case be dismissed without prejudice by paying the filing fee and explaining why she failed to timely pay. (Dkt. No. 18.) Plaintiff's response was due by October 1, 2025.

Plaintiff did not pay the filing fee. On October 1, 2025, Plaintiff filed a response stating that Plaintiff was seeking an attorney to pursue claims on behalf of her mother's estate, and that her mother's estate should pay some or all of the filing fee. (Dkt. No. 19.) Plaintiff did not pay the filing fee. On November 12, 2025, the Court explained that this response was insufficient, as the case had been brought by Plaintiff rather than her mother's estate. (Dkt. No. 20 at 1.) "Thus, Plaintiff has a responsibility to pay the filing fee and move the case (which has been pending since July 2024) forward, regardless of whether Plaintiff may bring claims on behalf of her mother's estate in the future." (*Id.* at 1-2.) The Court extended Plaintiff's deadline to pay the filing fee to December 1, 2025, and warned that "[f]ailure to pay the filing fee by this date **will** result in the Court reassigning the case to a district judge with the recommendation that the case be dismissed for failure to pay the filing fee." (*Id.* at 2.)

United States District Court
Northern District of California

Plaintiff did not pay the filing fee.  Instead, on December 5, 2025, Plaintiff filed a motion requesting that the Court reconsider its order requiring payment of the filing fee and extend the payment date to June 5, 2026.  (Dkt. No. 22.)  On December 18, 2025, the Court denied Plaintiff's request to extend the payment of the filing fee to June 5, 2026, but permitted "Plaintiff to either pay the filing fee or file an IFP application that is completed in full by **January 30, 2026**."  (Dkt. No. 23 at 1.)  The Court further warned: "**No further extensions will be given**.  Failure to file a full and complete IFP application or pay the filing fee by January 30, 2026 **will** result in the Court reassigning the case to a district judge with the recommendation that the case be dismissed for failure to pay the filing fee."  (*Id.*)

Plaintiff did not pay the filing fee or file a complete IFP application by January 30, 2026.  Instead, on February 2, 2026, Plaintiff filed an incomplete IFP application that failed to include answers to most of Question 2 (income from stocks, bonds, or royalties; rent payments, pensions, annuities, or life insurance; Federal or State welfare payments, Social Security, or other government source), most of Question 7 (bank account, name and address of bank, cash assets, other assets), and Question 9 (other debts).[1]

This case has been pending since July 15, 2024.  The Court has given Plaintiff multiple chances to file a complete IFP application or pay the filing fee, including providing months-long extensions when requested.  Despite these numerous accommodations, Plaintiff has still not filed a complete IFP application or paid the filing fee almost 19 months after filing this case.

Accordingly, the Court REASSIGNS this case to a district judge, and RECOMMENDS that the case be dismissed without prejudice for failure to pay the filing fee.  *See Firsov v. W.*

---

[1] The Court also notes that Plaintiff's IFP application may include false information, as Plaintiff states that the lawsuit did not seek to raise claims presented in other lawsuits.  (Dkt. No. 24 at 4.)  Plaintiff, however, has previously filed a case against many of the same defendants in 19-cv-1337-JST, *Ballonoff v. Lucas*, which also appears to challenge the conservatorship and describes some of the same events.  (*Compare* 19-cv-1337-JST, Dkt. No. 1 at 4 *with* Compl. at 9 (discussing Defendant Lucas's attempt to prohibit Plaintiff from seeing her mother in March 2018).)

The Court further notes that Plaintiff displayed the same pattern of delay in her prior case, including repeatedly requesting extensions to file a complete IFP application.  (19-cv-1337-JST, Dkt. No. 16.)  There, the case was likewise reassigned to a district judge with the recommendation that the case be dismissed for failure to pay the filing fee, after which Plaintiff did pay the filing fee.  (*See* 19-cv-1337-JST, Dkt. Nos. 16, 19.)

*Union Fin. Servs., Inc.*, No. 25-cv-04727-NC, 2025 U.S. Dist. LEXIS 141274, at *1 (N.D. Cal. July 23, 2025) (dismissing case without prejudice for failure to pay filing fee); *Mederer v. Access Capital Inv. Fundtwo, LP*, No. 21-cv-9699-YGR, 2022 U.S. Dist. LEXIS 113998, at *1 (N.D. Cal. Mar. 18, 2022) (same).

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Control Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: February 25, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California